# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49538-4-II |
| Respondent, | |
| v. | |
| CODY ROBERT MARTINEZ, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, A.C.J. – Cody Martinez appeals his convictions of violation of a no contact order and bail jumping. He argues that defense counsel's failure to make a motion to sever the two charges against him before the end of trial constituted ineffective assistance of counsel. We hold that Martinez's claim fails because he did not show that the trial court likely would have granted the motion or that there was a reasonable probability that he would have been acquitted in a separate trial. Therefore, we affirm his convictions.

## FACTS

Martinez's father Jerome Martinez obtained a no contact order prohibiting Martinez from coming within 1,000 feet of Jerome's[1] residence. On March 31, 2016, Jerome saw Martinez – who was conscious – hanging by a noose from a tree in his front yard. Jerome untied the noose and called 911. Law enforcement arrested Martinez.

---

[1] We refer to Jerome Martinez by his first name to avoid confusion. We mean no disrespect.

Because Martinez had two prior convictions for violating the no contact order, the State charged Martinez with felony violation of a no contact order. Martinez failed to appear at his scheduled trial. The State moved to amend the information to add a count of bail jumping. Martinez objected because the charges involved separate, unrelated incidents. The trial court granted the motion to amend. Martinez did not file a motion to sever the two charges.

At trial, Martinez testified that he wanted to kill himself in front of his father to get back at him. He stated that he knew there was a no contact order but that he was not thinking about that, only about ending his life. Martinez denied intentionally violating the no contact order. Martinez also explained that he did not appear for his trial because he was terrified. At the close of evidence, Martinez did not file a motion to sever the two charges.

The jury found Martinez guilty of violation of a no contact order and bail jumping. Martinez appeals his convictions.

ANALYSIS

A. LEGAL PRINCIPLES

1. CrR 4.4 Severance

CrR 4.4(b) provides that the trial court shall grant a motion to sever offenses if "severance will promote a fair determination of the defendant's guilt or innocence of each offense." When determining whether to sever charges, a court must consider "(1) the strength of the State's evidence on each count; (2) the clarity of defenses as to each count; (3) court instructions to the jury to consider each count separately; and (4) the admissibility of evidence of the other charges even if not joined for trial." *State v. Sutherby*, 165 Wn.2d 870, 884-85, 204 P.3d 916 (2009) (quoting *State v. Russell*, 125 Wn.2d 24, 63, 882 P.2d 747 (1994)).

Under CrR 4.4(a)(1), a defendant must make a motion to sever offenses before trial, "except that a motion for severance may be made before or at the close of all the evidence if the interests of justice require." This rule also provides that a defendant waives his motion unless it is made "at the appropriate time." CrR 4.4(a)(1).

### 2. Ineffective Assistance of Counsel

We review ineffective assistance of counsel claims de novo. *State v. Estes*, 188 Wn.2d 450, 457, 395 P.3d 1045 (2017). To prevail on an ineffective assistance claim, the defendant must show both that (1) defense counsel's representation was deficient and (2) the deficient representation prejudiced the defendant. *Id*. at 457-58. There is a strong presumption that counsel's performance was effective. *Id.* at 458. Representation is deficient if, after considering all the circumstances, it falls below an objective standard of reasonableness. *Id.* Prejudice exists if there is a reasonable probability that, except for counsel's errors, the result of the proceeding would have been different. *Id.*

"To establish prejudice based on an improper joint trial, a defendant must show [1] that a competent attorney would have moved for severance, [2] that the motion likely would have been granted, and [3] that there is a reasonable probability he would have been acquitted at a separate trial." *State v. Emery*, 174 Wn.2d 741, 755, 278 P.3d 653 (2012).

### B. PREJUDICE ANALYSIS

Even if we assume that defense counsel was deficient in failing to move to sever the two charges against Martinez, we reject Martinez's ineffective assistance of counsel claim because he cannot establish prejudice.

First, Martinez does not show that the trial court likely would have granted a severance motion at the close of the evidence. The first two severance factors clearly do not support

severance. The State's evidence on each count was strong. As to the charge for violation of a no contact order, Martinez admitted going to his father's house and admitted knowing there was a protection order prohibiting him from doing so. The State showed through court records that Martinez had twice violated the same no contact order. As to the bail jumping charge, the State showed through court records that Martinez was absent from his scheduled trial and Martinez admitted that he skipped the trial because he was terrified.

Further, the defenses to the two charges were clear. Martinez's defense to the violation of the no contact order charge was that he did not think about the no contact order. And his defense to the bail jumping charge was that he missed trial because he was terrified.

Regarding the third factor, the trial court did not instruct the jury to consider each count separately. But the court did provide separate to-convict instructions and instructed the jury that it needed to find each element beyond a reasonable doubt.

Regarding the fourth factor, little evidence would have been cross-admissible in separate trials. But the court need not grant a severance motion just because evidence is not cross-admissible. *State v. McDaniel*, 155 Wn. App. 829, 860, 230 P.3d 245 (2010).

Based on this analysis, Martinez has not shown that the trial court likely would have granted his motion to sever the two charges.

Second, Martinez has not shown that there was a reasonable probability that he would have been acquitted of either charge at separate trials. The evidence on both charges was strong and essentially unrefuted. There is no indication that a jury would have acquitted Martinez of violating the no contact order if it had been unaware of the bail jumping charge, or vice versa.

Because Martinez cannot show prejudice, we hold that his ineffective assistance of counsel claim fails.

CONCLUSION

We affirm Martinez's convictions of violation of a no contact order and bail jumping.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

MAXA, A.C.J.

We concur:

JOHANSON, J.

MELNICK, J.